**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul ARAGUZ–RAMIREZ,**
**Defendant–Appellant.**

Nos. 04–40490, 04–40535.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Marjorie A Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Rudy Xavier Rodriguez, Houston, TX, for Defendant–Appellant.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: \*

Raul Araguz–Ramirez appeals his guilty-plea conviction and sentence for being found illegally present in the United States after deportation. He argues for the first time on appeal that, pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. As Araguz concedes, however, this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Araguz also argues that the Supreme Court's holding in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), should be applied to sentences determined under the federal sentencing guidelines. He concedes that this argument is foreclosed by this court's recent opinion in *United States v. Pineiro,* 377 F.3d 464, 465–66 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263), but he raises it to preserve it for possible further review.

Araguz does not brief any argument concerning how or why any potential reduction in his sentence for the 8 U.S.C. § 1326 conviction would have any bearing

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the sentence the district court imposed upon revocation of his supervised release for his prior illegal-reentry conviction. He has therefore abandoned his appeal from the revocation of his supervised release. *United States v. Valdiosera–Godinez*, 932 F.2d 1093, 1099 (5th Cir.1991).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.